IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRAZORIA COUNTY, TEXAS, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. G-04-691 |
| HARTFORD CASUALTY INSURANCE CO., et al., | § § § | |
| Defendants. | § § § § | |

**ORDER GRANTING DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This lawsuit arises out of bonds obtained by a developer in favor of Brazoria County ("Plaintiff"). Now before the Court are Motions for Summary Judgment by Hartford Casualty Insurance Company ("Defendant") and Plaintiff. For the reasons stated below, Defendant's Motion is **GRANTED,** and Plaintiff's Motion is **DENIED**.

**I. Background**

The Parties do not dispute the material facts in this case. In 1983, the John Petter Construction Company ("Petter") requested permission to build a subdivision called Pecan Meadow Estates in Brazoria County. As required by Plaintiff, Petter obtained two bonds in favor of Plaintiff: one entitled "Performance Bond (Pursuant to Article 5160, as amended–Texas Statutes)" dated July 5, 1983, and another untitled bond dated August 26, 1983 pursuant to "Art. 6626a, Revised Civil Statutes of Texas." (Pl. Exs. A-1, A-2.) The bonds state that they are valid until construction is completed.

Petter built at least some of the platted roads in Section I of the subdivision, but it did not build anything at all in Section II. Petter filed for bankruptcy in the mid-1980s, and the property that was

-1-

platted as Section II of the development was sold to a private party, L.D. Kaltwasser, in 1989.  Mr. Kaltwasser has not developed the land or demanded that Plaintiff build the platted roads.

Plaintiff has sued Defendant and other Hartford entities on the theory that Petter breached a contract with Plaintiff to build the roads.  Plaintiff and Defendant have filed cross-motions for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).  When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252, 106 S. Ct. at 2512.  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  *See Anderson,* 477 U.S. at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

## III.  Analysis

*A. Limitations Defense*

Defendant argues that Plaintiff's suit is barred either by the statute of limitations or the doctrine of laches.  Tex. Gov't Code Ann. § 2253.078(a) (Vernon 2000) sets the statute of limitations on performance bonds at one year after completion or abandonment.[1]  This statute applies to performance bonds obtained pursuant to the former Tex. Rev. Civ. Stat. Ann. art. 5160 (repealed 1993) (current version at Tex. Gov't Code Ann. §§ 2253.001-.079) (Vernon 2000), including the July 5 bond in this case.  The Pecan Meadows project was clearly abandoned no later than the 1989 sale of the Section II land.  Therefore, suit on the July 5 Performance Bond is barred by the statute of limitations.

The August 26 bond, though, was governed by a different statute–the former Tex. Rev. Civ. Stat. art. 6626(a).[2]  This statute does not refer to "performance bonds," and therefore the Tex. Gov't Code Ann. § 2253.078(a) (Vernon 2000) limitations period does not apply.  Counties are not subject to the normal statute of limitations for a breach of contract action.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.061 (Vernon Supp. 2004) (formerly Tex. Rev. Civ. Stat. art. 5517).

Defendant argues that the doctrine of laches nonetheless bars suit on the August 26 bond, and the Court agrees.  Historically, government entities have not been subject to equitable defenses like laches and estoppel in cases involving governmental functions.  *See, e.g., City of Hutchins v. Prasifka,* 450 S.W.2d 829, 835 (Tex. 1970).  However, Texas courts have recognized an exception to this general rule "where justice requires it and where no governmental function is impaired." *Roberts v. Haltom City*, 543 S.W.2d 75, 79 (Tex. 1976).  For example, courts have allowed a laches defense against a city when the city accepted franchise payments for 30 years without complaint but

---

[1]This statute re-codified the statute of limitations portion of Tex. Rev. Civ. Stat. Ann. art. 5160, the statute in force at the time the bond was issued, and the statutes are identical in all material respects.  *See* Revisor's Note, Tex. Gov't Code Ann. § 2253.078 (Vernon 2000).

[2]Act of June 6,  1979, 66th Leg., R.S., ch. 367, § 1.

then filed suit to recover additional fees. *See Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 639 (Tex. App–Houston [1 Dist.] 2003, writ denied); *see also City of Corpus Christi v. Nueces County Water Control & Improvement Dist.*, 540 S.W.2d 357, 377-79 (Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.) (allowing laches defense when city waited 40 years to pursue claims).

In this case, allowing Defendant to pursue a laches defense against Plaintiff would not impair any governmental function. It would not impair Plaintiff's ability to regulate subdivision development or road construction, nor would it impair Plaintiff's ability to construct roads because, as Defendant points out, Plaintiff cannot construct the previously-planned roads on private property without exercising eminent domain. Because Plaintiff waited about 20 years to bring this claim, justice requires this Court to allow Defendant to assert a defense of laches.

Laches has two elements: (1) unreasonable delay or lack of diligence by a party in bringing a claim, and (2) "a good-faith change of position by another to his detriment because of the delay." *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). Plaintiff delayed about 20 years in bringing this suit (the Commisssioners' Court in fact authorized suit in <u>1986</u>), and it offers no reasonable explanation for the delay. Plaintiff knew in 1990 that Defendant had closed its file on this bond, and still Plaintiff took no action. The fact that Defendant closed its file demonstrates that Defendant did not expect to be held liable on the bond. Even after Defendant made Plaintiff aware of the file closing, Plaintiff failed to take action for another 14 years. Allowing Plaintiff now belatedly to assert a claim on this bond constitutes a change of position detrimental to Defendant. Defendant has shown the two elements of laches, and Plaintiff's claim is therefore equitably barred.

B. *Standing*

Alternatively, Plaintiff's claims are barred because it lacks standing to assert them. For a

matter to constitute an actual case or controversy, as it must for this Court to have jurisdiction over it, Plaintiff must show an injury in fact caused by the conduct in question that is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). Plaintiff has not shown an injury in fact. Plaintiff attempts to argue that the public at large has been injured by the lack of use of the roads that were not built. This is not a cognizable injury. The injury must be "concrete and particularized" and "actual or imminent." *Id*. at 560, 112 S. Ct. at 2136. Even assuming that Plaintiff can assert the rights of the public at large, Plaintiff has not alleged a concrete and actual injury to this group. Plaintiff has not, for example, alleged that there are citizens who do not have roads to their homes or that the current owner of the property–a single person–even wants these roads built. Since Plaintiff cannot build the roads as planned without exercising its power of eminent domain, it is difficult to see how the public at large is harmed by the non-existence of these roads. Plaintiff's allegations "are too abstract and speculative to meet the constitutional standard for standing." *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 218 (5th Cir. 2001).

Additionally, Plaintiff does not have standing to assert the rights of the public at large. *See id*. at 219 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997)). States do have the power to sue at least in some circumstances as parens patriae, a right of the sovereign derived from that of the English king. *See Hawaii v. Standard Oil Co. of California*, 405 U.S. 251, 257, 92 S. Ct. 885, 888-89, 31 L. Ed. 2d 184 (1972). Counties and other political subdivisions do not have this right. *See City of Safe Harbor v. Birchfield,* 529 F.2d 1251, 1256 n.7 (5th Cir. 1976); *City of Rohnert Park v. Harris*, 601 F.2d 1040, 1044 (9th Cir. 1979); *Oakland County v. City of Detroit*, 628 F. Supp. 610, 613 (E.D. Mich. 1986); *Prince George's County v. Levi*, 79 F.R.D. 1, 4 (D. Md. 1977); *Board of Superiors v. United States*, 408 F. Supp. 556,

566 (D. Va. 1976).  Therefore, Plaintiff does not have standing as parens patriae.

Plaintiff has offered no evidence that it has suffered any economic loss itself.  Plaintiff did not have to spend money to put the roads that were constructed into compliance with any regulations, nor has Plaintiff built any of the planned roads.  Defendant points out, and Plaintiff has not disputed, that Plaintiff cannot now build the Section II roads because that land is now owned by Mr. Kaltwasser. Mr. Kaltwasser has not made any demand on Plaintiff to build the roads.

### IV.  Conclusion

For the above-stated reasons, Defendant's Motion for Summary Judgment is **GRANTED,** and Plaintiff's Motion for Summary Judgment is **DENIED**.  It appears to this Court that Plaintiff simply found these old bonds while going through musty boxes of records and decided to roll the dice to see if any money could be obtained.  As they say in the carnie, "Close, but no cigar!"  This suit is manifestly untimely and has no basis in the law.  Therefore, the Court **TAXES** costs incurred by Defendant Hartford Casualty Insurance Company against Plaintiff.  Each Party is to bear its own non-taxable expenses and attorney's fees.  Finally, the Court **ORDERS** the Parties to submit within 10 days of this Order a joint statement as to the status of the claims against the other Defendants, because the Court is unable to determine the vitality of those claims in light of the Motions considered herein.


**IT IS SO ORDERED**.

DONE this 7th day of June, 2005, at Galveston, Texas.


_____
Samuel B. Kent
United States District Judge